IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN RAMOS-FIGUEROA, *et al.*, **Plaintiffs**, v. DWB HOLDING COMPANY, *et al.*, **Defendants**. | **CIVIL NO.** 09-1277 (FAB) |

**MEMORANDUM & ORDER**

BESOSA, District Judge

Before the Court is defendants' motion for summary judgment, (Docket No. 28). Having considered the motion for summary judgment, (Docket No. 28), plaintiffs' response in opposition, (Docket No. 33), and defendants' reply, (Docket No. 44), the Court **DENIES** the motion for summary judgment.

**DISCUSSION**

**I. Procedural Background**

On March 19, 2009, Juan R. Figueroa-Ramos ("Figueroa"), Joel Abraham Viruet-Galarza ("Viruet"), Caribbean Holdings Funds, Inc. ("Caribbean Holdings"), Victor Guerrero ("Guerrero"), Power Marketing Business ("Power Marketing"), and Vivian Rey-Fontan ("Rey") (collectively "plaintiffs") filed a complaint against DWB Holding Company ("DWB Holding") and Daniel Fernandez-Rojo Filho

Civil No. 09-1277 (FAB)                                                2

("Fernandez") (collectively "defendants").  (Docket No. 2 at ¶¶ 1-8.)  The complaint alleges breaches of investment contracts by defendants pursuant to Articles 1223, 1060, and 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 3373, 3024, 5141.

On January 8, 2010, defendants filed a motion for summary judgment arguing that plaintiffs were barred from bringing the claims alleged in the complaint by previously executed settlement agreements.  (Docket No. 28.)  On January 27, 2010, plaintiffs filed a response in opposition to the motion for summary judgment arguing that the settlement agreements should not be enforced because they were the product of "dolo" or "deceit" on the part of defendants.  (Docket No. 33.)  Defendants filed a reply on February 19, 2010.  (Docket No. 44.)

**II.  Failure to Comply with Local Rule 56(e)**

The First Circuit has "repeatedly . . . emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]."  Caban Hernandez v. Phillip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007).  Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is – and what is not – genuinely controverted.'" Id. (quoting Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)).  Due to the importance of this function to the summary

Civil No. 09-1277 (FAB)                                              3
_____

judgment process, "litigants ignore [those rules] at their peril."

Id.

    Defendants argue that plaintiffs have failed to comply with Local Rule 56(e), which states that:

> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts **shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion.** The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Local Rule 56(e) (emphasis added).

    Defendants claim that plaintiffs did not include specific references to pages or paragraphs supporting their additional assertions of fact. Defendants argue that, due to this failure, the "Court should deem [their] 'statement of facts unopposed and credit[] the factual assertions contained therein.'" (Docket No. 40) (quoting Caban Hernandez, 486 F.3d at 5).

    Indeed, plaintiffs have failed to include a specific reference to page or paragraph number when citing record support for their additional assertions of fact. (See Docket No. 33-1.) Enforcing Local Rule 56(e) to the benefit of defendants at their request

Civil No. 09-1277 (FAB)                                                    4

would seem unfair, however, because defendants have committed the exact same error.  (See Docket No. 28-2.)  Given that both parties have failed to comply with the local rules governing summary judgment, the Court is left with no properly submitted factual background on which to decide the motion for summary judgment.

The parties have failed to provide an organized and clear representation of issues of fact which are truly contested.  See Caban Hernandez, 486 F.3d at 7-8.  The parties are effectively asking the Court to ferret through their exhibits in order to rule on the motion for summary judgment.  The Court declines to do so and reminds the parties that it has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."  See Local Rule 56(e).  Based on the absence of a properly presented factual record, the Court cannot determine the existence, or absence, of genuine issues of material fact and must **DENY** the motion for summary judgment.  See FED.R.CIV.P. 56(c); see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

**III. Further Proceedings**

The Court stated in the Case Management Order that "[d]ispositive motions as a whole are useful tools for managing certain kinds of issues and cases, but they should be used only

Civil No. 09-1277 (FAB)                                                        5

after close examination of the facts and applicable law." (Docket No. 15 at 10.)  Although it is possible that a dispositive motion would have been appropriate in this case, the parties' failure to closely examine the record, properly cite to specific facts, and affirmatively connect those facts to the applicable legal standards nullified the usefulness of defendants' motion for summary judgment.  The potential resolution of issues regarding the alleged settlement agreements prior to trial, however, militates in favor of extending certain deadlines to allow the parties to address those issues in the context of another dispositive motion.

Discovery is reopened in this case until **October 15, 2010.** Defendants shall file another motion for summary judgment no later than **November 1, 2010.**  Plaintiffs shall respond to that motion for summary judgment no later than **November 12, 2010.**  Any reply by defendants shall be filed no later than **November 18, 2010.**  The motion for summary judgment, response, and any reply shall be in strict compliance with Federal Rule of Civil Procedure 56 and Local Rule 56 and shall specifically address the effect of any settlement agreements, including plaintiffs' allegations of "dolo" under Puerto Rico law.  No extensions will be allowed.  All other deadlines in this case remain the same.

Civil No. 09-1277 (FAB)                                                6

## CONCLUSION

For the reasons expressed above, the Court **DENIES** the motion for summary judgment, (Docket No. 28).  The parties shall comply with the deadlines set out above regarding additional discovery, defendants' second motion for summary judgment, plaintiffs' response to that motion, and any reply by defendants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 20, 2010.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE